## Estate of Dewey

*Paul Carpenter Dewey,* for petitioner.
*Seymour I. Toll,* for executors and named trustees.

TAXIS, *J.,* April 8, 1982—This matter comes before the court by petition of Paul Carpenter Dewey for (1) temporary restraining order; (2) order sur preliminary injunction; (3) order directing register of wills to permit filing of a formal caveat nunc pro tunc.

John Dewey died on March 11, 1982, a resident of Montgomery County. An informal caveat was filed with the register of wills by Paul Carpenter Dewey on March 15, 1982 requesting the register to "grant no letters testamentary or letters of administration upon the Estate of John Dewey . . . without notice to me, a son of the decedent." Two days later on March 17, 1982, a petition for probate and grant of letters was filed by decedent's widow, Ellen E.W. Dewey and by Orville C. Dewey and First Pennsylvania Bank. At that time there was offered for probate decedent's will dated December 18, 1981 and codicil thereto dated March 2, 1982.

On March 17, 1982, the chief deputy register spoke by telephone with petitioner to advise him that a petition for probate and grant of letters had been made on that date and that the register would be sending petitioner a certified letter advising him that he would have ten days in which to file a formal caveat and post a bond. That letter was in fact sent and in parts here relevant read as follows:

"Dear Mr. Dewey:
Referring to the informal caveat filed March 15, 1982 . . . please be advised that application for let-

ters testamentary has been made and that you have ten (10) days *from receipt of this notice,* in which to file a formal caveat, setting forth the facts and a bond in the sum of $500.00" (Emphasis supplied.)

At the hearing it was stated that on March 17, 1982, Stanhope S. Browne, Esq. also orally informed petitioner that on that morning a petition for probate and grant of letters had been filed.

The certified letter was signed for by a Sandra Merkl on March 18, 1982. There is no dispute of fact concerning the fact that Sandra Merkl was an employee of a company having no connection whatsoever with the law firm in which petitioner, Paul Carpenter Dewey, was associated. For some unknown reason, the mailman improperly delivered this certified mail to the wrong address and it was signed on March 18, 1982 by a person who had no authority to sign therefore. Sandra Merkl, realizing her mistake, remailed the certified letter to petitioner, Paul Dewey, whose office received it on March 23, 1982. The certified card, however, was returned to the register of wills who understandably believed that petitioner had received the certified mail in due course and, more than ten days having elapsed, the register of wills on March 30, 1982 granted letters and probated the will and codicil. On March 31, 1982, the next day after probate, petitioner appeared at the register of wills office to file a formal caveat which was refused as untimely by the register of wills whereupon petitioner filed this appeal asking that the letters testamentary be rescinded, the probate of the will revoked, and that the register of wills appoint an administrator pendente lite and proceed to hearing on the allegations set forth in the formal caveat.

The matter was heard and argued on April 7,

1982 at which time brief testimony was submitted. There appears clearly to be no dispute of fact but the matter presents a question of law as to the statutory requirements of Section 906 of the Probate, Estates and Fiduciaries Code. Section 906 provides, as follows:

(a) Bond. —When a caveat has been filed, the register shall not delay the probate of a will or the grant of letters for more than ten days after the filing of the petition for probate or for the grant of letters, or after the filing of the caveat, whichever shall be later, unless within such ten-day period a party in interest shall file with the register his bond in the name of the Commonwealth with sufficient surety in such amount, not less than $500 or more than $5,000, as the register considers necessary, conditioned for the payment of any costs which may be decreed against the caveator.

(b) Failure to give bond. —If no bond is filed within the ten-day period, the caveat shall be considered abandoned, except as the register, for cause shown, shall extend the time.

Section 906(a) is clear and unambiguous that the register of wills *shall* not delay the probate of a Will for more than "10 days after the filing of the petition for probate" (which in this case was filed on March 17, 1982) unless a party in interest shall file a bond. Section 906(b) provides that if no bond is filed in this 10 day period the caveat shall be considered abandoned.

In the instant case the chief deputy register talked with petitioner on the telephone on March 17, 1982 advising him that the petition for probate and grant of letters had been lodged with the register of wills on March 17, 1982 and said that a bond of $500 must be filed within the ten days of that

date. On March 27, 1982, no bond had been filed by the caveator, the register on March 30, 1982, well after the ten day period, entered a decree of probate and granted letters testamentary.

The case is an interesting one because petitioner relied upon the March 17, 1982 letter of the register of wills stating that he had ten days *"from the receipt of this letter"* to file his formal caveat and bond. However, the record clearly shows that on March 17, 1982, Mr. Dewey had actual notice of the offer of the petition for probate, yet he chose to do nothing between March 17, 1982, and March 30, 1982 and since the register received no communication, written or oral, from Mr. Dewey, and since more than ten days had elapsed, the register of wills properly proceeded to admit to probate the will and codicil and to grant letters testamentary. The statute clearly provides that "when a caveat has been filed, the register shall not delay the probate of a will or the grant of letters for more than ten days after the filing of the petition for probate or for the grant of letters . . . unless within such ten day period a party in interest shall file with the Register his bond in the name of the Commonwealth. . . ." Thus, if a caveator intends to contest a will prior to probate, he must perfect his right to proceed by acting within ten days from the date the petition for probate is lodged with the register of wills. In this case he had such notice by telephone from a deputy register on March 17, 1982 and by Stanhope Browne, Esq. Petitioner chose not to do anything further and by failing to act within the statutory period, the register of wills properly refused his formal caveat. His petition, therefore, for the grant of letters and revocation of probate is dismissed. His requests for relief for a temporary restraining order or preliminary injunction are also refused.

A word must be said about the letter dated March 17, 1982 and sent by certified mail by the register, — reliance by petitioner on such letter was misplaced because the statute mandates a ten day period which the register is powerless to extend or amend sua sponte. Here, no request for extension of time was sought by petitioner.

This caveator does have an opportunity to have his day in court because pursuant to Section 908 of the PEF Code, he may appeal to the orphans' court division within a year of the decree of probate challenging the will as invalid for undue influence, lack of testamentary capacity, etc.

### FINAL DECREE

And now, April 8, 1982, the petition of the caveator is dismissed.